IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ERBY DEAN JACKSON, JR.**                                                                **PLAINTIFF**

V.                                                                       **NO. 3:25-CV-19-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**                                                  **DEFENDANTS**

## ORDER

On January 23, 2025, Erby Dean Jackson, Jr., commenced this case by filing a pro se "Motion to Stay or Toll Habeas Corpus" asking the Court to "acknowledge [his] intent to file Petition for Habeas Corpus and the need to ensure proper tolling due to lack of response from the MS Supreme Court."[1] Doc. #1. That day, United States Magistrate Judge Jane M. Virden ordered Jackson to "complete and return the enclosed *habeas corpus* form within 21 days" and pay the filing fee. Doc. #3. By letter to the Court dated February 3, Jackson advised that "[his] case is still in P.C.R. stage with the MS Court of Appeals" and he "cannot file Petition for habeas at this time." Doc. #4. The same day, Jackson filed a "Motion of Voluntary Dismissal" requesting dismissal of this case without prejudice "due to the fact that all state remedies have not yet been exhausted." Doc. #5.

Upon consideration,[2] Jackson's "Motion of Voluntary Dismissal" [5] is **GRANTED**. This

---

[1] Jackson named as defendants "Ms. Dept. of Corrections" and "Brand Huffman." Doc. #1. According to Jackson's petition, he was convicted of first degree murder in Marshall County in September 2022; he filed a direct appeal in March 2023; his conviction was affirmed in May 2024; he filed a motion for rehearing, writ of certiorari, and application for post-conviction relief simultaneously; and rehearing was denied in September 2024. *Id.*

[2] Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

case is **DISMISSED without prejudice**.

    **SO ORDERED**, this 10th day of February, 2025.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.